HENRIETTA A. LOUGHEED, APPELLANT, v. THE DYKE-
MAN'S BAPTIST CHURCH AND SOCIETY, So-CALLED,
RESPONDENT, IMPLEADED WITH JAY LOUGHEED AND OTHERS.

*When an estate, given "at the death" of the testator's wife and conditional upon its
continued use by the devisee, vests.*

By his will a testator provided: "At the death of my wife I give and devise all
that part of my real estate situate in the said town of Southeast * * * to
. the Baptist Church and Society of Dykeman's Station, to be used by said church
and society as a parsonage forever; and whenever said society ceases to use the
same as a parsonage, the same shall revert to my heirs-at-law."
*Held,* that the remainder did not vest in the church or society during the life of
the wife.
That as the devisee could not alien or dispose of the property, and could have no
advantage of the devise until after the death of the wife, and there could be no
right of property apart from the right of enjoyment, the devise was necessarily
contingent upon the existence of the devisee at the termination of the estate of
the wife, and was not intended to operate until that time, and that the church or
society was entitled to take under the will in case it should then be incorporated.

APPEAL by the plaintiff Henrietta A. Lougheed from a judgment
of the Supreme Court, entered in the office of the clerk of the county
of Putnam on the 3d day of July, 1890, dismissing the plaintiff's
complaint upon the merits.

The action was tried before the court, which rendered a decision
in favor of the defendant, the Dykeman's Baptist Church and Society,
dismissing the complaint upon the merits, with costs.

The action was brought for the purpose of having a devise con-
tained in the second paragraph of the will of Amos C. Dykeman,
deceased, declared null and void, and for a partition and division of
the devised premises. The second item of the will was as follows:

"*Second.* At the death of my wife I give and devise all that part
of my real estate situate in the said town of Southeast which lies
southerly of the new road leading westerly from Dykeman's Station
past the dwelling-house of Coles B. Fowler, to the Baptist Church and
Society of Dykeman's Station, to be used by said church and society
as a parsonage forever; and whenever said society ceases to use
the same as a parsonage, the same shall revert to my heirs-at-law.

The real estate so intended as a parsonage includes my present dwelling-house and eighty acres of land, more or less."

*Frederic S. Barnum,* for the appellant.

*Abram J. Miller,* for the respondent.

CULLEN, J. :

We assume the law to be that if the remainder given to the defendant by the testator's will vested at the death of the testator, then the devise is void, because at such time the defendant was not incorporated, and that the subsequent incorporation of the defendant during the life of the life-tenant would not validate the devise. The law was so held in *Owens* v. *Missionary Society* (14 N. Y., 380), and *Marx* v. *McGlynn* (88 id., 368), and the rule is recognized in *Shipman* v. *Rollins* (98 id., 311). The question then arises whether the devise vested at the death of the testator or at that of his wife, the life-tenant. The language of the will is : " At the death of my wife I give and devise," etc. The natural reading of this language would postpone the devise till the death of the wife. But it must be conceded that the law so favors the immediate vesting of estates that ordinarily, under a long line of decisions, the word " at " would be construed to refer to the time of enjoyment of the estate, not of its vesting. We think that this case is taken out of the ordinary rule by the limitations imposed on the devise. By the will it is provided that the land devised shall be used as a parsonage by the society and church, and that when the society ceases to use it as a parsonage it shall revert to the testator's heirs-at-law. The devisee could, therefore, not alien or dispose of it. The testator never contemplated that the devisee should have any advantage of the devise till the death of his wife. The right of property and right of enjoyment were to go together, and under the will there could be no right of property apart from the right of enjoyment. If the society had been incorporated at the time of the testator's death and subsequently became extinct, the devise would have failed. It was thus necessary that the devisee should survive till the death of the life-tenant to receive the devise ; and thus the devise was necessarily contingent upon the existence of the devisee at the termination of the life estate. We think, therefore, that we are justified in holding

that the devise was not intended to vest till the death of the wife, and if that construction be correct, the incorporation and existence of the defendant at that period will, under *Shipman* v. *Rollins* (*supra*), render it a competent devisee.

The judgment appealed from should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.